UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:14-cv-274 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | |
| Seventy-Nine Thousand, One Hundred Ten Dollars ($79,110.00) in United States Currency, *et al.*, | : | Order Granting Default Judgment and Issuing Decree of Forfeiture |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 27).[1] For the reasons that follow, the Court will GRANT the Motion and issue a Decree of Forfeiture.

## I.   BACKGROUND

This in rem administrative forfeiture proceeding is in a unique procedural posture, as the only individual to have filed a claim in this action passed away in the midst of litigation.

Initially, this case proceeded as a typical administrative forfeiture action. On April 1, 2014, Plaintiff, the United States of America, initiated this case against Seventy-Nine Thousand, One Hundred Ten Dollars ($79,110.00) in United States currency ("Defendant 1"), a 2004 Infiniti QX56 bearing Ohio license plate PAPI2U with all attachments thereon ("Defendant 2"), and a 2009 Jaguar XF bearing Ohio license plate OG with all attachments thereon ("Defendant 3"). All three Defendants were seized during an October 22, 2013 execution of a search warrant at the Fairfield, Ohio residence of Wilbur Lewis Pankey, Jr. ("Pankey"). (Doc. 1 at PageID 3.) The

---

[1] Plaintiff also filed a Motion for Summary Judgment. (Doc. 21.) Because the Court will grant the Motion for Default Judgment, the Motion for Summary Judgment is moot.

United States alleges that the action was initiated to enforce provisions of 21 U.S.C. § 881(a)(4) and (a)(6),[2] and that the Defendant properties have been forfeited as related to one or more violations of 21 U.S.C. §§ 841[3] and 846.[4]

On April 7, 2014, the Clerk of this Court issued a Warrant of Arrest in Rem of the

---

[2] Pursuant to 21 U.S.C. § 881(a), the following property is among those relevant categories subject to forfeiture:

> (1) All controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.
> (2) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance or listed chemical in violation of this subchapter.
> …
> (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9).
> …
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.
> …
> (9) All listed chemicals, all drug manufacturing equipment, all tableting machines, all encapsulating machines, and all gelatin capsules, which have been imported, exported, manufactured, possessed, distributed, dispensed, acquired, or intended to be distributed, dispensed, acquired, imported, or exported, in violation of this subchapter or subchapter II of this chapter.
> …

[3] 21 U.S.C. § 841 states that it is unlawful to knowingly or intentionally "(1) manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

[4] 21 U.S.C. § 846 states that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

Defendant properties. (Doc. 2.) The warrant also required the United States to publish notice of the in rem action, arrest of the Defendant properties, and the right to contest forfeiture on the official government website, www.forfeiture.gov, for thirty consecutive days pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R.") G(4)(a)(iv)(C). (*Id.*) On April 9, 2014, the United States arrested the Defendants, bringing them within the jurisdiction of the Court. (Doc. 11.)

On April 10, 2014, the United States posted notice of this civil forfeiture action on the www.forfeiture.gov for thirty consecutive days. (*See* Doc. 6.) On April 14, 2014, the United States sent direct notice letters and copies of the Complaint by certified and regular U.S. mail to Pankey and Pankey, c/o Kory A. Jackson, Esq., as a potential claimant in this matter at his last known address.[5] (Doc. 10.) On May 14, 2014, Pankey filed a Verified Claim to the three Defendant properties and a Verified Answer to the Complaint. (Docs. 3, 5.)

The Court stayed this case from July 21, 2014 until March 25, 2015 as a result of Pankey's criminal case in Butler County, Ohio. (*See* July 21, 2014 and March 25, 2015 Docket Entries.) Thereafter, this case proceeded with discovery. However, discovery was impeded by various issues, including problems with the Claimant's health.

On February 27, 2016, Pankey passed away. (*See* Doc. 20.) On June 10, 2016, the United States filed a Suggestion of Death (Doc. 20) and a Motion for Summary Judgment (Doc. 21). On October 17, 2016, the United States filed a Second Statement of Death, which recited that Rosemary Pankey, the mother of decedent and a non-party, is the only possible successor or

---

[5] Pursuant to Supp. R. G(4)(b)(i) and (ii), the United States is required to send direct notice of the action with a copy of the Complaint to any person who reasonably appears to be a potential claimant on the facts known to the United States before the end of the time for filing a claim under Supp. R. G(5)(a)(ii)(B).

3

likely personal representative of the decedent that is required to be served pursuant to Federal Rules of Civil Procedure 4 and 25. (Doc. 23.) On October 20, 2016, the United States filed a Certificate of Service of the Notice of Death and its Motion for Summary Judgment on Rosemary Pankey. (Doc. 24)[6]

On January 30, 2017, the United States filed a Request to Enter Default with the Clerk of this Court. (Doc. 25.) The Clerk entered default the next day, January 31, 2017, pursuant to Fed. R. Civ. P. 55(a) for failure to file a claim and answer as required by 18 U.S.C. § 983(a)(4)(A) and (B) and Supp. R. G against Rosemary Pankey; the Defendants 1, 2, and 3; and all other persons and entities who might have an interest in the Defendants. (Doc. 26.) The same day, the United States filed a Motion for Default Judgment, and no motion has been made to set aside the Entry of Default. (Doc. 27.)

## II.     STANDARD OF LAW

Motions for default judgment are governed by Rule 55(b) of the Federal Rules of Civil Procedure,[7] which provides in relevant part:

>   (b) Entering a Default Judgment.
>
>   (1) *By the Clerk.*   If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . .
>
>   (2) *By the Court.*   In all other cases, the party must apply to the court for a default judgment. . .   If the party against whom a default judgment is

---

[6] Attached to the Certificate of Service is an Affidavit of Personal Service by James Whitehouse, Task Force Officer of the Drug Enforcement Administration, attesting to having personally served Rosemary Pankey with the Second Statement of Death. (Doc. 24-1 at PageID 261.) An Acknowledgement of Service is attached and signed by Rosemary Pankey. (*Id.* at PageID 262.)

[7] Because this is an in rem administrative forfeiture procedure, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions also are applicable. *See* Supp. R. A.

4

> sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

The sequence of procedural steps required of one seeking judgment by default "begin[s] with the entry of a default by the clerk upon a plaintiff's request." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *Id.*

"Once a default is entered, well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true." *McIntosh v. Check Resolution Serv., Inc.*, No. 10-14895, 2011 WL 1595150, at *3 (E.D. Mich. Apr. 27, 2011) (citing *Alfa Corp. v. Alfa Mort., Inc.*, 560 F. Supp. 2d 1166, 1174 (M.D. Ala. 2008)); *see also Trice v. Lake & Country Real Estate*, No. 86–1205, 1987 WL 38852, at *2 (6th Cir. Oct. 29, 1987) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.")). Still, a court must assess whether the factual allegations are legally sufficient to state the alleged cause of action. *McIntosh*, 2011 WL 1595150, at *3 (citing *In re Indus. Diamonds Antitrust Litig.*, 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000)).

**III. ANALYSIS**

   **A. Clerk's Entry of Default**

The Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) was made because no successor or representative moved to substitute themselves and subsequently file a claim following the Claimant's death. Federal Rule of Civil Procedure 25 governs substitution of a party where a claim is not extinguished by death of a party, as in this case:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. **If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed**.

Fed. R. Civ. P. 25(a)(1) (emphasis added). As set forth in the Procedural History, *supra*, the Claimant, Wilbur Lewis Pankey, Jr., passed away on February 27, 2016. On October 17, 2016, the United States filed a Second Statement of Death[8] identifying Rosemary Pankey, mother of decedent, as the only possible successor or likely personal representative required to be served. (Doc. 23.) The docket reflects that Rosemary Pankey was served in accordance with Rule 4. (Doc. 24.) Neither she nor any other person has filed a motion to substitute themselves for the Claimant in this action. After ninety days passed between the filing of the Notice of Claimant's Death and service of that Notice upon the Claimant's only known possible successor, the United States appropriately requested an Entry of Default, and, once granted, moved for default judgment.

---

[8] The First Statement of Death (Doc. 20) did not strictly comply with the service requirements of Rule 25(a). *See Long v. Time Ins. Co.*, No 2:06-cv-701, 2008 WL 3200844, at *1–2 (S.D. Ohio Aug. 7, 2008) (service of a suggestion of death must be served in accordance of Rule 25(a)(1); service on non-parties, specifically successors or representatives of the deceased party's estate, must be made pursuant to Fed. R. Civ. P. 4). Therefore, the Court considers the ninety-day clock prescribed by Fed. R. Civ. P. 25(a) to run from the date of filing the *Second* Statement of Death, for which service of process was proper.

### B. Motion for Default Judgment

The Court will now turn to the Plaintiff's Motion for Default Judgment to consider the legal sufficiency of the forfeiture of the three Defendant properties alleged to have been used in connection with violations of 21 U.S.C. §§ 841 and/or 846[9]—or, in short, drug trafficking.

The facts pled in the Verified Complaint are more than sufficient to establish the asserted connection to the Defendant properties and alleged violations. All three Defendants were seized during the execution of a search warrant at Pankey's residence after the Fairfield Police Department received information from the Regional Enforcement Narcotics Unit in Hamilton County, Ohio that he was allegedly involved in the distribution of narcotics from his residence. (Doc. 1 at PageID 3.) The police conducted routine surveillance of Pankey and his residence for several months before executing the warrant, during which the police observed suspicious activities, including both a known felon on parole (for trafficking in cocaine with a gun specification) and a known drug trafficker coming and going from his residence. (*Id*. at PageID 4.)

During the execution of the warrant, the three Defendants were seized, along with narcotics, weapons, shipping materials, cellophane packaging materials that formerly contained bundles of marijuana, and several mobile phones. (*Id*. at PageID 5–11.) The phones were forensically analyzed pursuant to a search warrant and revealed details of what is believed to be text messages to Pankey's California-based source of drug supply along with photographs showing large amounts of marijuana, United States currency, firearms, and legers accounting for drug transactions. (*Id*. at PageID 8–9.)

---

[9] There is no question the Court has in rem jurisdiction over the Defendants, as they have been arrested. Accordingly, the Court will focus its analysis on whether the allegations in the Complaint are legally sufficient.

As to Defendant 1, the $79,110.00 in United States currency, the majority of the cash recovered – in fact, 2,301 bills – was in $20 denominations, which the United States asserts is consistent with the majority of United States currency found in possession of those involved in drug trafficking. (*Id.*) An execution of a separate search warrant on Defendant 2, the 2004 Infiniti QX56, uncovered marijuana, a cell phone, and shipping documents to an individual in California inside the vehicle. (*Id.* at PageID 7–8.) The United States asserts that Defendant 3, the 2009 Jaguar XF, is believed to have been purchased with drug proceeds of $19,000.00 in cash. (*Id.* at PageID 9.) Pankey's phone included text messages demonstrating he had $15,000.00 in cash and was waiting on an additional $4,000.00 to purchase the car. (*Id.*) It was purchased days later on June 6, 2013, reportedly for $9,923.00. (*Id.*) The 2004 Infiniti was reportedly purchased around a similar timeframe, on February 26, 2013 for $10,039.99. (*Id.* at PageID 10.)

Pankey was unemployed at the time of his purchase of Defendant 3 and was receiving Social Security Disability Benefits of only $1,685.03 per month, while paying rent of $999.00 per month for his apartment. (*Id.* at PageID 9–10.) Pankey concealed his ownership of Defendant 3 by parking it in a public parking lot away from his residence, which is consistent with drug-dealers who try to conceal purchases made with drug proceeds. (*Id.*)

On March 4, 2014, Pankey was charged criminally in Fairfield Municipal Court with possession of drugs, a felony of the fifth degree, and additional prohibited activities/money laundering, a felony of the third degree. (*Id.*)

These facts, among the many others listed in the Verified Complaint, support a reasonable inference that the three Defendants are subject to forfeiture as proceeds or property traceable to commit or conspire to commit drug trafficking violations. No claimant has been timely substituted for Pankey pursuant to Fed. R. Civ. P. 25(a) to contest the forfeiture of the Defendants.

8

Accordingly, the United States has shown its entitlement to a default judgment.

## IV. CONCLUSION

As no substitution has occurred within the time to do so under Rule 25(a), and having shown entitlement to default judgment pursuant to Rule 55(b)(2), the Court will grant the Plaintiff's Motion for Default Judgment.

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), a default judgment is granted to the United States of America against: Rosemary Pankey, the only known possible successor or representative of decedent Claimant, the Defendants, Seventy-Nine Thousand One Hundred Ten Dollars ($79,110.00) in United States currency, a 2004 Infiniti QX56 (VIN# 5N3AA08C94N807791), bearing Ohio license plate PAPI2U with all attachments thereon, and a 2009 Jaguar XF (VIN# SAJWA05B69HR42362), bearing Ohio license plate OG, with all attachments thereon; and all other persons and entities who might have an interest in the Defendants for failure to substitute decedent Claimant as a party as required by Fed. R. Civ. P. 25(a).

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the Defendants is CONDEMNED and FORFEITED to the United States of America pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6). All right, title, and interest in the Defendants, Seventy-Nine Thousand One Hundred Ten Dollars ($79,110.00) in United States currency, a 2004 Infiniti QX56 (VIN# 5N3AA08C94N807791), bearing Ohio license plate PAPI2U with all attachments thereon, and a 2009 Jaguar XF (VIN# SAJWA05B69HR42362), bearing Ohio license plate OG with all attachments thereon, is vested in the United States of America and no right, title, or interest

shall exist in any other person or entity. The United States shall dispose of the Defendants in accordance with the law.

      IT IS SO ORDERED.

                                              S/Susan J. Dlott_____
                                              Judge Susan J. Dlott
                                              United States District Court